United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60863
Summary Calendar

LEONARD JOHN GITTINGER, III,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE

Respondent-Appellee

--------------------
Appeal from the United States Tax Court
14996-03L
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

Petitioner-Appellant Leonard John Gittinger, III

("Gittinger") failed to file a tax return for the tax year 1996.

After determining that Gittinger failed to report wage, dividend

and interest income paid to him during 1996, Respondent-Appellee

Commissioner of Internal Revenue ("IRS") mailed to Gittinger on

December 4, 1998 a notice of deficiency for 1996.  Although

Gittinger has acknowledged that he received the notice of

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

deficiency from the IRS, he failed to challenge the notice. On November 24, 2001, the IRS sent Gittinger a Final Notice of Intent to Levy and Notice of Your Right to a Hearing ("levy notice") with regard to his unpaid taxes for 1996. On September 6, 2002, the IRS mailed to Gittinger a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing with regard to his unpaid taxes for 1996.

Gittinger finally responded to the IRS on October 7, 2002 when he submitted a Request for a Collection Due Process Hearing.

On July 31, 2003, the IRS mailed to Gittinger a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 ("notice of determination") which stated that the IRS had determined that it was appropriate to file the disputed federal tax lien. On August 5, 2003, the IRS mailed to Gittinger a Decision Letter Concerning Equivalent Hearing ("decision letter") which stated that the IRS had determined that it was appropriate to proceed with the proposed levy.

On September 5, 2003, Gittinger filed a Petition for Lien or Levy Action in the tax court below challenging both the notice of determination dated July 31, 2003 and the decision letter dated August 5, 2003.

On June 22, 2004, the tax court granted summary judgment in favor of the IRS, sustaining the notice of determination. The tax court found (1) that Gittinger had waived his right to challenge his underlying tax liability by failing to respond to

2

the notice of deficiency for 1996 that was mailed to him on December 4, 1998;[1] (2) that even had he not waived his right to challenge the tax liability, his argument that he is not a "taxpayer" was frivolous and groundless; and (3) that Gittinger did not allege any irregularity in the assessment procedure, nor did he assert any valid defenses or offer an alternative means of collection.

## DISCUSSION

On appeal, Gittinger advances the same frivolous and groundless arguments that he advanced below. As the tax court properly found, Gittinger waived his right to challenge the underlying tax liability for 1996 by failing to file a timely response to the notice of deficiency mailed to him on December 4, 1998. *See Goza v. Commissioner*, 114 T.C. 176 (2000); I.R.C. § 6330(c)(2)(B). Even had he not waived his right to challenge the underlying tax liability, his arguments are completely and utterly frivolous, generally relating to the proposition that wage income is not taxable income. *See* I.R.C. §§ 1(a)(1), 61(a)(1), 7701(a)(1), (14). As we have previously noted, there is no need for us to refute "with somber reasoning and copious citation of precedent" the notion that wages are not income, lest by doing so we suggest that this argument has some colorable

---

[1] *See Goza v. Commissioner*, 114 T.C. 176 (2000); I.R.C. § 6330(c)(2)(B).

3

merit.  *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984).

After Gittinger had procedurally defaulted his ability to challenge the underlying tax liability, the only issues before the tax court were whether the IRS followed proper procedures and complied with all applicable laws and administrative procedures in this case and whether Gittinger raised any valid defenses. Because Gittinger did not even allege any irregularity in the assessment procedure and he did not raise a valid defense or offer an alternative means of collection, we have no difficulty whatsoever affirming the tax court's judgment.

For the foregoing reasons, the tax court's judgment is in all ways AFFIRMED, and Respondent-Appellee's motion for sanctions under Rule 38 in the amount of $6,000.00 is GRANTED.