T.C. Memo. 2006-80

UNITED STATES TAX COURT

SCOTT RAY HOLMES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3423-05.                    Filed April 19, 2006.

Scott Ray Holmes, pro se.

<u>Beth A. Nunnink</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a deficiency in petitioner's income tax of $13,676.50 for 2002, and additions to tax of $1,997.80 for failure to file under section 6651(a)(1)[1]

---

[1] Section references are to the Internal Revenue Code as amended and in effect in 2002.  Rule references are to the Tax Court Rules of Practice and Procedure.

(continued...)

and $239.28 for failure to pay estimated tax under section 6654.

The issues for decision are:

1.  Whether petitioner is liable for income tax in the amount determined by respondent.  We hold that he is.

2.  Whether petitioner is liable for additions to tax for failure to file under section 6651(a)(1) and for failure to pay estimated tax under section 6654.  We hold that he is.

3.  Whether petitioner is liable for the addition to tax for failure to pay under section 6651(a)(2).  We hold that he is not.

4.  Whether petitioner is liable for a penalty under section 6673 for instituting proceedings primarily for delay and for maintaining frivolous or groundless positions.  We hold that he is.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.  Petitioner

Petitioner resided in Texarkana, Texas, when he filed the petition.  In 2002, he received wages of $70,332 from Cooper Tire & Rubber Co., interest of $28 and savings bond income of $1 from Texar Federal Credit Union, a distribution of $348 from GE

---

[1](...continued)
Respondent stated in the explanation of income tax examination changes attached to the notice of deficiency and alleged in the answer that petitioner was liable for additions to tax of $1,450.01 for failure to file under sec. 6651(a)(1) and $547.78 for failure to pay tax under sec. 6651(a)(2) totaling $1,997.79.

Capital Section 401k Asset Maintenance Plan, and a distribution of $4,799[2] from Cooper Tire & Rubber Cash Clear.

Petitioner made no income tax or estimated tax payments for 2002. Federal income tax was withheld from his income for 2002 in the amount of $7,232. Petitioner did not file a Federal income tax return for 2002. He mailed a 32-page document entitled "Notice of Affidavit Statement in Rebuttal to Internal Revenue Code Section 6011 For Year Period Ending December 31, 2002" to respondent's national office on May 8, 2003. In it, petitioner argued that he was not subject to tax for 2002 because, inter alia: (1) Filing Federal income tax returns is voluntary; (2) paying income tax based on a Form 1040, U.S. Individual Income Tax Return, is an illegal kickback; (3) taxable income applies only to sources from international or foreign commerce; (4) petitioner's domicile is outside the United States because he lives in the "compact state of Texas state republic"; (5) he is not a "United States Person", domestic partnership, domestic corporation, estate or trust; (6) the term "employee" applies only to those working for public service; and (7) his wages are not included in gross income. Petitioner attached about a hundred pages of exhibits to the 32-page document, including purported copyright notices published in a newspaper of

---

[2] The parties agree that $767 of the $4,799 distribution is taxable if petitioner is subject to Federal income tax.

general circulation, UCC financing statements, and 58 pages of tax protester information by Larken Rose.[3]

Respondent determined that petitioner had a $13,676.50 deficiency and had $7,232 tax withheld, leaving a balance due of $6,444.50.

During informal discovery, respondent wrote petitioner and stated, inter alia, that petitioner's arguments were frivolous and that he might be subject to a penalty under section 6673. Respondent again warned petitioner about his potential liability for a penalty under section 6673 in the amendment to answer and in respondent's pretrial memorandum.

OPINION

A.  Whether Petitioner Is Liable for Income Tax for 2002 in the Amount Determined by Respondent

Petitioner contends that he is not liable for income tax for 2002 in the amount determined by respondent.  We disagree.

Petitioner stipulated that he received wages, interest, savings bond income, and distributions in 2002 as determined by respondent.  However, he continues to contend that those items are not taxable for reasons provided in the statement that he filed in lieu of a Form 1040.  Petitioner's arguments are frivolous, and we perceive no need to refute them with somber

_____

[3] Larken Rose was sentenced to 15 months in prison for not filing returns and advancing frivolous arguments.  See United States v. Rose, 2005 WL 3216739 (E.D. Pa., Nov. 28, 2005).

reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). We conclude that petitioner is liable for income tax for 2002 in the amount determined by respondent.

B.   Whether Petitioner Is Liable for Additions to Tax for 2002

Section 7491(c) places on the Commissioner the burden of producing evidence that it is appropriate to impose a particular addition to tax or penalty. To meet that burden, the Commissioner need not produce evidence relating to defenses such as reasonable cause or substantial authority. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

Respondent has met the burden of production with respect to the additions to tax for failure to file a return under section 6651(a)(1) for 2002 by showing that petitioner did not file a return for that year and for failure to pay estimated tax under section 6654 by showing that petitioner did not pay estimated tax. However, respondent did not do so with respect to section 6651(a)(2).

Section 6651(a)(2) provides for an addition to tax in instances where there is a failure to pay the amount of tax shown on a return. The addition to tax under section 6651(a)(2) applies only when an amount of tax is shown on a return. Cabirac

v. Commissioner, 120 T.C. 163, 170 (2003). Petitioner did not file a valid return for 2002. Section 6651(g)(2) provides that a return prepared by the Secretary under section 6020(b) is the return filed by the taxpayer for purposes of determining an addition to tax under section 6651(a)(2). Id.

Respondent alleged in the pretrial memorandum that respondent had prepared a substitute for petitioner's 2002 income tax return and a Form 13496, IRC Section 6020(b) Certification, and attached to the Form 13496 transcripts of account for petitioner's 2002 tax year, Form 4549, Income Tax Examination Changes, and Form 886-A, Explanation of Items. However, those documents are not in the record, and respondent produced no evidence showing that it is appropriate to impose the addition to tax for failure to pay tax shown on petitioner's return for the year in issue. Thus, respondent has not met the burden of production under section 7491(c) with respect to the addition to tax for failure to pay under section 6651(a)(2).

Petitioner made no argument that he was not liable for the additions to tax for 2002 for failure to file under section 6651(a)(1), or failure to pay estimated tax under section 6654.

We conclude that petitioner is liable for the additions to tax for 2002 for failure to file under section 6651(a)(1) and for failure to pay estimated tax under section 6654.

C.  Whether Petitioner Is Liable for a Penalty Under Section 6673

In the amendment to answer and at trial, respondent contends that petitioner is liable for a penalty under section 6673 on the grounds that petitioner made only frivolous arguments and instituted these proceedings primarily for delay.

The Court may impose a penalty of up to $25,000 if the taxpayer's position or positions are frivolous or groundless or the proceedings were instituted primarily for delay.  Sec. 6673(a)(1)(B).  A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law.  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Gilligan v. Commissioner, T.C. Memo. 2004-194.  Petitioner took frivolous positions before and during trial despite ample warnings before trial from respondent.  We conclude that petitioner instituted and maintained these proceedings primarily for delay.  We find that petitioner is liable for a penalty under section 6673 in the amount of $2,000.

To reflect the foregoing,

Decision will be

entered under Rule 155.