United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-61118
Summary Calendar

CHERYL JEANNE GITTINGER; LEONARD JOHN GITTINGER, III

Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee.

Appeal of a Decision of the
United States Tax Court

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, CIRCUIT JUDGE:

Leonard Gittinger, III did not file a tax return for the years 1997 through 2001. His wife, Cheryl Gittinger, failed to file a return for the years 1999 and 2000. The Commissioner of the Internal Revenue Service notified the Gittingers of the deficiencies. The Gittingers responded by filing the petition at issue with the United States Tax Court, asserting primarily that the government cannot tax their wages as income. The Commissioner moved for summary judgment, and the Gittingers filed a voluminous

response.  The Tax Court granted judgment for the Commissioner, determining that the Gittingers were liable for the existing deficiencies and penalties.  In addition, the court, *sua sponte*, imposed new penalties.  The Gittingers appealed.

This is not Mr. Gittinger's first rendezvous with the Tax Court.  He made the same argument to the court in a challenge to his tax liabilities for the year 1996.  In that challenge, the Tax Court rejected his contention that wages are not income, and this Court affirmed and granted the Commissioner's request for sanctions.  *Gittinger v. Comm'r*, 138 F. App'x 646, 648 (5th Cir. 2005) (unpublished) (describing Gittinger's argument "as completely and utterly frivolous").  Apparently, Mr. Gittinger wants another go-round.

The Tax Court correctly described the Gittingers' petition as consisting of "tax protestor rhetoric."  On appeal, the Gittingers repeat that rhetoric.  They list nineteen separate issues, but only one is pertinent: "Whether the allegations in the petition and . . . instant proceeding are 'frivolous and groundless?'"  The answer is yes.[1]  To see this fact, Mr. Gittinger need only have referred to the result in the action concerning his 1996 tax

_____

[1]This determination includes consideration of the Gittingers' improper notice argument.  Mr. Gittinger contends that the notice was defective because it did not include the "III" designation.  He makes this argument despite the fact that the notice (1) had his social security number on it, (2) was addressed to "Leonard J. Gittinger," and (3) was sent to his address.

liabilities. Mr. Gittinger certainly knew how to access that result; he is a licensed attorney who has been practicing law in Texas since 1984.

Given the frivolous nature of this appeal, "[w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Comm'r*, 737 F.2d 1417, 14, 17 (5th Cir. 1984). We AFFIRM the Tax Court's grant of summary judgment.

In addition, we agree with the Commissioner that sanctions are appropriate. *See* 26 U.S.C. § 7482(c)(4) (2000) and Fed. R. App. P. 38; *see also Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) ("A party who continues to advance long-defunct arguments invites sanctions."). It is therefore ORDERED that Appellee's motion for sanctions in the amount of $6000.00 is GRANTED. *See Tello*, 410 F.3d at 745 (approving the practice of imposing a lump sum sanction).