T.C. Memo. 2010-42

UNITED STATES TAX COURT

SCOTT RAY HOLMES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23291-07.                    Filed March 4, 2010.

Scott Ray Holmes, pro se.

<u>Ann L. Darnold</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $17,197 deficiency
in petitioner's 2003 Federal income tax and additions to tax of
$1,516 under section 6651(a)(1) for failure to file, $1,246 under

section 6651(a)(2) for failure to pay tax, and $275 under section 6654(a) for failure to make sufficient estimated tax payments.[1]

The issues for decision are: (1) Whether petitioner received taxable income in the amounts respondent determined; (2) whether petitioner is liable for a 10-percent additional tax under section 72(t)(1); (3) whether petitioner is liable for additions to tax as respondent determined; and (4) whether petitioner is liable for a penalty under section 6673 for instituting proceedings primarily for delay and for maintaining frivolous or groundless positions.

FINDINGS OF FACT

The parties have stipulated some facts, which we incorporate herein by this reference. Petitioner, born in 1952, resided in Texas when he filed his petition. In 2003 he received $82,978 of wages from Cooper Tire & Rubber Co., $51 of interest, and a qualified retirement plan distribution, $2,735 of which was taxable.

Petitioner made no Federal income tax payments for 2003 apart from the $10,461 his employer withheld from his wages during the year. On his 2003 Form 1040, U.S. Individual Income Tax Return, petitioner reported zero wages and $2,735 of taxable pension and annuity income; he claimed the standard deduction and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. Amounts have been rounded to the nearest dollar.

a refund in the amount of his $10,461 of withholdings.  In addition to the Form 1040, petitioner submitted Form 4852, Substitute for Form W-2, Wage and Tax Statement, which also reflected zero wages.  Petitioner wrote the phrase "non assumpsit by" next to his signature on both Form 1040 and Form 4852.

Petitioner attached to the Form 1040 a 51-page document entitled "Notice of Affidavit Statement in Rebuttal to Internal Revenue Code Section 6011 For Year Period Ending December 31, 2003".  In this document petitioner asserted that he was not subject to tax for 2003 because, inter alia:  (1) Filing Federal income tax returns is voluntary; (2) paying income tax based on a Form 1040 is an illegal kickback; (3) taxable income applies only to sources from international or foreign commerce; (4) petitioner's domicile is outside the United States because he lives in the "compact state of Texas state republic"; (5) he is not a "United States Person", domestic partnership, domestic corporation, estate or trust; (6) the term "employee" applies only to those working for public service; (7) "the income tax is a slave tax prohibited by the Thirteenth Amendment"; (8) the term "Secretary of the Treasury" in the Internal Revenue Code applies only to the Secretary of the Treasury of Puerto Rico; (9) the capitalization of the letters of petitioner's name in Court documents creates a false legal impression that he is a "fictional legal entity" and not entitled to his constitutional

rights; and (10) his wages are not includable in gross income. Petitioner attached about 60 pages of exhibits to the 51-page document.

By notice of deficiency respondent determined that for 2003 petitioner had a deficiency of $17,197. Respondent also determined that petitioner owed additional tax under section 72(t) and additions to tax under sections 6651(a)(1) and (2) and 6654(a). In response to the notice of deficiency, petitioner sent to respondent a letter that asserted more frivolous arguments and repeated a demand for a refund of his withholdings plus interest.

OPINION

I. Taxable Income

In 2003 petitioner received wages and other income as respondent determined. Petitioner's assertions that this income is not taxable are similar to assertions that he raised unsuccessfully in Holmes v. Commissioner, T.C. Memo. 2006-80 (Holmes I), with respect to his 2002 tax liability. These groundless and frivolous assertions warrant no further discussion. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."). We

sustain respondent's determination as to petitioner's deficiency for 2003.

## II. Section 72(t) Additional Tax

Respondent determined that petitioner is liable for a 10-percent additional tax on the $2,735 taxable portion of his distribution from a qualified retirement plan in 2003. Section 72(t)(1) generally imposes, subject to various exceptions under section 72(t)(2), a 10-percent additional tax on early distributions from a qualified retirement plan. Petitioner reported the distribution on his Form 4852, thereby admitting that he received it in 2003, when he had not yet attained age 59-1/2. Petitioner has not shown and the evidence does not suggest that any exception under section 72(t)(2) applies. We sustain respondent's determination.

## III. Other Additions to Tax

The petition contains no specific allegations or supporting statements of facts regarding any of the additions to tax that respondent determined in the notice of deficiency pursuant to sections 6651(a)(1) and (2) and 6654(a). Petitioner's frivolous challenges to his obligation to pay tax do not specifically address any issue regarding the additions to tax. We deem petitioner to have conceded these issues and hold that respondent has no burden of production under section 7491(c) as to the additions to tax. See Funk v. Commissioner, 123 T.C. 213 (2004);

<u>Swain v. Commissioner</u>, 118 T.C. 358 (2002).  We sustain respondent's determinations as to the additions to tax under sections 6651(a)(1) and (2) and 6654(a).

IV.  <u>Section 6673 Penalty</u>

Respondent has moved to impose a penalty under section 6673(a)(1), which authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless.  In Holmes I, we found that petitioner was liable for a $2,000 penalty under section 6673 because he "took frivolous positions before and during trial despite ample warnings before trial from respondent."  <u>Holmes v. Commissioner</u>, <u>supra</u>.  Notwithstanding the sanctions imposed in Holmes I, issued more than a year before he filed his petition in this case, petitioner has persisted in his misguided course of conduct.  In furtherance of the purpose of section 6673(a)(1) to deter such conduct, we believe a more significant sanction is now appropriate.  Pursuant to section 6673(a)(1) we shall require petitioner to pay to the United States a penalty of $10,000.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.
