T.C. Memo. 2010-50

UNITED STATES TAX COURT

SCOTT RAY HOLMES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21956-07L.                    Filed March 18, 2010.

Scott Ray Holmes, pro se.

<u>Ann L. Darnold</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Pursuant to section 6330(d), petitioner
seeks review of respondent's determination sustaining a proposed
levy with respect to his 2002 Federal income tax liability.[1]

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code, as amended, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

## Background

Petitioner previously litigated his 2002 Federal income tax deficiency, as well as additions to tax under sections 6651(a)(1) and (2) and 6654(a).  In Holmes v. Commissioner, T.C. Memo. 2006-80 (Holmes I), this Court sustained the deficiency and additions to tax under sections 6651(a)(1) and 6654(a) and imposed a $2,000 penalty under section 6673.[2]

Respondent assessed petitioner's 2002 liability in accordance with this Court's decision in Holmes I.  Respondent subsequently sent petitioner Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to his outstanding 2002 tax liability.  In response petitioner submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he asserted frivolous arguments.

 Respondent's Appeals Office (Appeals) responded by letter, scheduling a telephone conference.  The letter further advised petitioner:

> Before you decide whether to petition a notice of
> determination, you should know that the Tax Court
> is empowered to impose monetary sanctions up to
> $25,000 for instituting or maintaining an action
> before it primarily for delay or for taking a
> position that is frivolous or groundless [Pierson
> v. Commissioner, 115 T.C. 576 (2000); Forbes v.
> Commissioner, T.C. Memo 2006-10 ($20,000 penalty

---

[2]With respect to the addition to tax under sec. 6651(a)(2), we held that respondent failed to carry his burden of production under sec. 7491(c).  Figures have been rounded to the nearest dollar.

imposed); <u>Aston v. Commissioner</u>, T.C. Memo 2003-128 ($25,000 penalty imposed)].

Petitioner responded by letter, requesting a correspondence hearing.  Respondent granted the request by letter, reiterating the warning about the possibility of sanctions if petitioner continued to assert frivolous positions.  Petitioner submitted another letter to respondent, repeating the frivolous grounds stated in the hearing request and making additional frivolous arguments contesting his underlying liability.  By notice of determination Appeals sustained the proposed levy.

In his petition seeking judicial review of the final determination, petitioner challenges his underlying liability on frivolous grounds similar to those he relied upon throughout the administrative process.

## Discussion

Section 6330 requires the Secretary to furnish a person notice and opportunity for a hearing before making a levy on the person's property.  At the hearing, the person may raise any relevant issue relating to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. The person may challenge the existence or amount of the underlying tax liability for any period only if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability.  Sec. 6330(c)(2)(B); <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000).

Petitioner not only received a notice of deficiency for 2002 but also litigated the matter before this Court in Holmes I. Consequently, in this collection proceeding he is precluded from disputing his underlying liability not only by section 6330(c)(2)(B) but also by principles of res judicata. See Sparkman v. Commissioner, T.C. Memo. 2009-308.

The record demonstrates that Appeals verified that all applicable laws and administrative procedures were followed. Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer a viable alternative means of collection. These issues are now deemed conceded. See Rule 331(b)(4). Respondent did not abuse his discretion in sustaining the proposed levy.

Respondent has moved to impose a penalty under section 6673(a)(1), which authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. In Holmes I, we found that petitioner was liable for a $2,000 penalty under section 6673 because he "took frivolous positions before and during trial despite ample warnings before trial from respondent." Holmes v. Commissioner, supra.

Notwithstanding the sanctions imposed in Holmes I, issued more than a year before petitioner filed his petition in this case, and notwithstanding respondent's ample warnings in this proceeding about the possibility of additional sanctions under section 6673, petitioner has persisted in his misguided course of conduct.[3]  In furtherance of the purpose of section 6673(a)(1) to deter such conduct, we believe a more significant sanction is now appropriate.  Pursuant to section 6673(a)(1), we shall require petitioner to pay to the United States a penalty of $10,000.

To reflect the foregoing,

<u>An order and decision will be entered for respondent</u>.

---

[3]The current case is the third to date in which petitioner has pursued frivolous and groundless positions.  Recently, in <u>Holmes v. Commissioner</u>, T.C. Memo. 2010-42, we imposed a $10,000 penalty under sec. 6673(a)(1) because petitioner asserted frivolous positions with respect to his 2003 tax year.