T.C. Memo. 2011-31

UNITED STATES TAX COURT

SCOTT RAY HOLMES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 10381-09, 14995-09,   Filed February 1, 2011.
           17840-09.

Scott Ray Holmes, pro se.

<u>Ann L. Darnold</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined the following
deficiencies in and additions to petitioner's 2004-2006 Federal
income taxes:

|       |            | Additions to Tax |                |           |
|-------|------------|------------------|----------------|-----------|
| Year  | Deficiency | Sec. 6651(a)(1)  | Sec. 6651(a)(2)| Sec. 6654 |
| 2004  | $17,226    | $2,076           | $2,215         | 239       |
| 2005  | 16,414     | 1,760            | 1,252          | -0-       |
| 2006  | 11,601     | 1,383            | 615            | 262       |

The issues for decision are: (1) Whether petitioner is liable for Federal income tax deficiencies for 2004-2006, (2) whether petitioner is liable for additions to tax under sections 6651 and 6654,[1] and (3) whether petitioner is liable for a penalty under section 6673 for instituting proceedings primarily for delay or for maintaining frivolous or groundless positions.

## FINDINGS OF FACT

Some of the facts have been stipulated. We incorporate the stipulated facts into our findings by this reference. Petitioner resided in Texas when he filed his petitions.[2]

Petitioner worked for Cooper Tire & Rubber Co. in 2004, 2005, and 2006, and he earned wages of $78,267, $82,553, and $68,364, respectively. Petitioner made no Federal income tax payments in 2004-2006, other than the amounts withheld from his wages.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts have been rounded to the nearest dollar.

[2]Respondent issued a separate notice of deficiency with respect to each of the years 2004-2006, and petitioner filed a timely petition with respect to each year. On Mar. 22, 2010, we granted respondent's motion to consolidate the three cases for purposes of trial, briefing, and opinion.

I.    2004

On his 2004 Form 1040, U.S. Individual Income Tax Return, which respondent received on August 16, 2006, petitioner reported zero wages and $6,536 of total pension and annuity income, $1,519 of which was taxable.  Petitioner claimed the standard deduction, a filing status of married filing separately, and one exemption, and he sought a refund of $7,999.  Petitioner attached to the 2004 Form 1040 a Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, Etc., which reflected zero wages.  Petitioner wrote the phrase "Non assumpsit by" above his signature on the jurats[3] of the Form 1040 and Form 4852.  Petitioner also attached a 39-page document entitled "**Notice** of Affidavit Statement in Rebuttal to Internal Revenue Code Section 6011 For Year Period Ending December 31, 2004" (2004 affidavit).  Petitioner stated in the 2004 affidavit that he "**never realized** that the fine print on the bottom of all so-called 'income' tax forms meant that I was claiming to be under **oath** * * *.  I have never sworn such an oath and for reasons of conscience, never will".  In the 2004

---

[3]The jurat is the portion of the Form 1040 which reads: "Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete."  The jurat of the Form 4852 contains a similar affirmation.

affidavit petitioner asserted, among other things, that the filing of Federal income tax returns and the payment of Federal income tax is voluntary and that only narrow groups of individuals, such as Federal employees, are required to pay taxes.

Respondent determined that petitioner's 2004 Form 1040 was not a valid return and prepared a substitute for return (SFR) pursuant to section 6020(b) on the basis of information reported by petitioner's employer on Form W-2, Wage and Tax Statement.  On the basis of the SFR respondent determined a Federal income tax deficiency for 2004, which included a 10-percent additional tax under section 72(t) for receiving an early distribution from a qualified retirement plan,[4] and additions to tax for failure to file a return, failure to pay tax, and failure to pay estimated tax under sections 6651(a)(1) and (2) and 6654(a), respectively.

---

[4]In the notice of deficiency for 2004 respondent treated all of petitioner's pension and annuity income as taxable and determined additional tax under sec. 72(t) accordingly. Respondent now concedes that only $1,519 of petitioner's pension income was taxable.  Respondent also erroneously computed petitioner's tax using the "single" filing status but now agrees that petitioner was married at the end of 2004.  Consequently, a Rule 155 computation will be required in docket No. 17840-09.

II.  2005

On his 2005 Form 1040, which respondent received on October 2, 2006, petitioner reported zero wages, $30 in taxable interest, and $1,909 of taxable pension and annuity income.  Petitioner claimed the standard deduction, a filing status of married filing separately, and one exemption, and he sought a refund of $8,593.  Petitioner attached to the 2005 Form 1040 a Form 4852 reflecting zero wages for 2005.  Petitioner wrote "Non assumpsit by" above his signature on the jurats of the Form 1040 and Form 4852.  Petitioner also attached a 67-page document entitled "**Notice** of Affidavit Statement in Rebuttal to Internal Revenue Code Section 6011 For Year Period Ending December 31, 2005" (2005 affidavit).  In the 2005 affidavit petitioner stated that he did not intend to sign his 2005 Federal tax filings under penalties of perjury, repeated the same general arguments that he made in the 2004 affidavit (e.g., payment of Federal taxes is voluntary) and added several new arguments (e.g., IRS employees' collection of Federal income tax is akin to treason).

Respondent determined that petitioner's 2005 Form 1040 was not a valid return and prepared an SFR on the basis of information reported by petitioner's employer on Form W-2.  On the basis of the SFR respondent determined a Federal income tax deficiency for 2005, which included a 10-percent additional tax

under section 72(t), and additions to tax for failure to file a return and failure to pay tax.

## III. 2006

Petitioner's 2006 Form 1040, which respondent received on April 19, 2007, reported zero wages, $79 of taxable interest, and $121 of taxable pension and annuity income. Petitioner claimed the standard deduction, a filing status of married filing separately, and one exemption, and he sought a refund of $5,474. Petitioner attached to the 2006 Form 1040 a Form 4852 that also reflected zero wages for 2006. Petitioner wrote "'WITHOUT PREJUDICE' UCC 1-207" above his signature on the jurats of the Form 1040 and Form 4852.[5]

Respondent determined that petitioner's 2006 Form 1040 was not a valid return and prepared an SFR on the basis of information reported by petitioner's employer on Form W-2. On the basis of the SFR respondent determined a deficiency for 2006, which included a 10-percent additional tax under section 72(t), and additions to tax for failure to file a return, failure to pay tax, and failure to pay estimated tax.

## IV. Petitioner's Forms 1040X

Petitioner received several letters from respondent informing him that his 2004-2006 Forms 1040 were frivolous,

---

[5]Petitioner did not attach an affidavit to his 2006 Form 1040.

advising him of the consequences of filing frivolous tax returns, and imposing penalties under section 6702 for frivolous tax submissions. After receiving the letters and the notices of deficiency with respect to 2005 and 2006, petitioner prepared and submitted to respondent Forms 1040X, Amended U.S. Individual Income Tax Return, and new Forms 4852 with respect to 2004, 2005, and 2006.[6] In the Forms 1040X petitioner made minor adjustments to the amounts reported on his 2004-2006 Forms 1040. However, petitioner continued to take the position on the Forms 1040X that his wages were not income. Petitioner signed the jurats of the Forms 1040X and Forms 4852 and did not include any language on the forms or in attachments that would negate the jurats. Respondent did not treat the Forms 1040X as valid tax returns.

Petitioner filed timely petitions contesting the notices of deficiency. In the petitions and at trial petitioner maintained that his wages are not taxable and that the payment of Federal income tax is voluntary.

OPINION

I.  Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that it is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S.

---

[6]The record does not disclose whether respondent received petitioner's 2006 Form 1040X.

111, 115 (1933). The U.S. Court of Appeals for the Fifth Circuit, to which an appeal would lie absent a stipulation to the contrary, see sec. 7482(b)(1)(A), has held that for the presumption of correctness to attach in an unreported income case, the Commissioner must establish "some factual foundation" for the assessment, see Portillo v. Commissioner, 932 F.2d 1128, 1133 (5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-68; Carson v. United States, 560 F.2d 693, 696 (5th Cir. 1977) ("The tax collector's presumption of correctness has a herculean muscularity of Goliathlike reach, but we strike an Achilles' heel when we find no muscles, no tendons, no ligaments of fact."). Petitioner concedes that he received wages, interest, and pension and annuity income in 2004-2006. Consequently, the presumption of correctness attaches to respondent's notices of deficiency, and petitioner bears the burden of proving that the determinations are incorrect. Petitioner does not contend, nor does the record allow us to conclude, that the requirements of section 7491(a) have been met.

II. Petitioner's Taxable Income

Petitioner's assertions that his wages are not taxable are similar to assertions he raised unsuccessfully in Holmes v. Commissioner, T.C. Memo. 2006-80 (Holmes I), with respect to his 2002 tax liability, Holmes v. Commissioner, T.C. Memo. 2010-42 (Holmes II), with respect to his 2003 tax liability, and Holmes

v. Commissioner, T.C. Memo. 2010-50 (Holmes III), with respect to the collection of the 2002 tax liability. Petitioner's groundless and frivolous assertions warrant no further discussion. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."). Petitioner does not dispute that he received wages, interest, and pension and annuity income in the amounts respondent determined. Consequently, respondent's determinations with respect to petitioner's deficiencies for 2004-2006 are sustained.[7]

III. Additions to Tax

Section 7491(c) provides that the Commissioner bears the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production, the Commissioner must come forward with sufficient evidence that it is appropriate to impose the penalty, addition to tax, or additional amount. Id. Once the Commissioner meets his burden, the taxpayer must come

_____

[7]Petitioner does not specifically address the additional taxes under sec. 72(t) for receiving early distributions from a retirement account, and there is no evidence in the record that any of the exceptions to sec. 72(t) apply. Accordingly, we deem petitioner to have conceded this issue. See Rule 34(b)(4).

forward with evidence sufficient to persuade the Court that the determination is incorrect.  Id.

Respondent argues that petitioner is liable for an addition to tax for failure to file a return for each year in issue under section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed unless the taxpayer can establish that the failure was due to reasonable cause and not due to willful neglect.  Respondent introduced into evidence petitioner's account transcripts, which indicate that respondent did not treat petitioner's 2004-2006 submissions as processable Federal income tax returns.  Consequently, we conclude that respondent has satisfied his burden of production under section 7491(c), and petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is inappropriate.  Petitioner argues that he is not liable for the section 6651(a)(1) addition to tax because he filed valid Forms 1040 and Forms 1040X for 2004-2006.  We disagree.

Section 6011(a) provides that any person liable for any tax imposed by the Internal Revenue Code must file a return according to the forms and regulations prescribed by the Secretary.[8]  See also sec. 1.6011-1(a), Income Tax Regs.  The Code does not define

---

[8]The term "Secretary" means the Secretary of the Treasury or his delegate.  Sec. 7701(a)(11)(B).

the word "return".  Swanson v. Commissioner, 121 T.C. 111, 122-123 (2003).  On the basis of the Supreme Court's opinions in Zellerbach Paper Co. v. Helvering, 293 U.S. 172, 180 (1934), and Florsheim Bros. Drygoods Co. v. United States, 280 U.S. 453, 464 (1930), we used in Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986), a four-part test (Beard test) to determine whether a document submitted by a taxpayer is a valid return.  To qualify as a return, the document must meet the following requirements:

> First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury. [Id.]

The test applies for purposes of section 6651(a)(1).  Oman v. Commissioner, T.C. Memo. 2010-276.

Petitioner's Forms 1040 do not satisfy the Beard test because they did not contain sufficient data to allow respondent to calculate petitioner's tax liability, see, e.g., id. (holding that a Form 1040 lacked information sufficient to allow the Commissioner to calculate the taxpayers' liability where the form showed withholding but contained no information as to the income from which tax was withheld); and did not represent an honest and reasonable attempt to satisfy the requirements of the tax law, see, e.g., Watson v. Commissioner, T.C. Memo. 2007-146 (concluding that a return that reported income on one line and

zeros on other lines was invalid because it did not constitute a reasonable attempt to comply with the requirements of the tax law), affd. 277 Fed. Appx. 450 (5th Cir. 2008).

With respect to petitioner's Forms 1040X, we note that the "'treatment of amended returns is a matter of internal administration, and solely within the discretion of the Commissioner.'" Evans Cooperage Co. v. United States, 712 F.2d 199, 204 (5th Cir. 1983) (quoting Badaracco v. Commissioner, 693 F.2d 298, 301 n.5 (3d Cir. 1982), revg. T.C. Memo. 1981-404, affd. 464 U.S. 386 (1984)); see also Owens v. Commissioner, T.C. Memo. 2010-265. Respondent never indicated that he had accepted or would accept petitioner's Forms 1040X. In any event, the Forms 1040X fail to satisfy the Beard test. Although signed under penalty of perjury, the Forms 1040X, which reported zero wages for 2004-2006, did not contain sufficient information to allow respondent to calculate petitioner's tax liabilities and did not represent honest and reasonable attempts to satisfy the requirements of the tax law. Consequently, we conclude that petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file timely tax returns for 2004, 2005, and 2006.

Petitioner did not specifically address in his petitions, in his pretrial memoranda, or at trial the other additions to tax for failure to pay under section 6651(a)(2) or for failure to pay

estimated tax under section 6654(a).  Consequently, we deem petitioner to have conceded these issues and conclude that respondent has no burden of production under section 7491(c) with respect to these additions to tax.  See Funk v. Commissioner, 123 T.C. 213, 217-218 (2004); Swain v. Commissioner, 118 T.C. 358, 363 (2002).  Respondent's determinations as to the additions to tax under sections 6651(a)(2) and 6654(a) are sustained.

IV.  Section 6673 Penalty

Under section 6673(a)(1), this Court may require a taxpayer to pay a penalty not in excess of $25,000 whenever it appears (1) that the taxpayer has instituted or maintained proceedings primarily for delay or (2) that the taxpayer's position in such proceedings is "frivolous or groundless".  In Holmes I, we found that petitioner was liable for a $2,000 penalty under section 6673(a)(1) because he took frivolous positions before and during trial despite repeated warnings from respondent before trial and he instituted and maintained the proceedings primarily for delay. More than a year after our decision in Holmes I, petitioner filed his petition in Holmes II, in which he reasserted many of the same arguments we had rejected as frivolous in Holmes I. Consequently, in Holmes II we found that petitioner was liable for a $10,000 penalty under section 6673(a)(1).

We are now faced with yet another proceeding involving three consolidated cases in which petitioner, despite repeated warnings

from respondent and this Court, persists in making the frivolous and groundless arguments that this Court and others have repeatedly rejected. See, e.g., Gittinger v. Commissioner, 448 F.3d 831, 832 (5th Cir. 2006); Grimes v. Commissioner, 82 T.C. 235, 237 (1984); Blaga v. Commissioner, T.C. Memo. 2010-170. At the trial, which was held after we had released our opinions in Holmes I, Holmes II, and Holmes III, petitioner clung to the same type of tired arguments that we had rejected in those opinions and in countless other cases. Petitioner has demonstrated that he is unwilling to change his behavior regarding his tax compliance obligations, and consequently, we conclude, in the exercise of our discretion, that the maximum sanction under section 6673(a)(1) is appropriate. We shall require petitioner to pay a $25,000 penalty under section 6673(a)(1) in each of the consolidated cases.

V. Conclusion

We conclude that (1) petitioner is liable for a reduced deficiency and additions to tax for 2004 as respondent conceded, and (2) petitioner is liable for the deficiencies and additions to tax for 2005-2006 as respondent determined. We also conclude that petitioner is liable for a $25,000 penalty under section 6673(a)(1) in each of the consolidated cases.

We have considered all of the arguments raised by the parties and, to the extent not discussed above, we conclude they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155 in docket No. 17840-09</u>.

<u>Decisions will be entered for respondent in docket Nos. 10381-09 and 14995-09</u>.